The next case on our calendar is Desly v. Spartak, I'm using the shorthand name because I don't attempt to pronounce. John Ward of Kelly Dry and Warren for the appellant Spartak, I don't try to pronounce those names either. Please speak. Yes, Your Honor. The appellant's position that contrary to the district court's finding, this is certainly an exceptional case based on the new standard that has been provided by the Supreme Court in the octane fitness case. It's really hard to imagine a case that could be more exceptional. Desly was Spartak's long-term distributor in the U.S. In 2009, without informing Spartak, Desly filed trademark registrations in the Spartak name and logo claiming that it and not Spartak was the owner. Didn't the district court say that Octavio, the Supreme Court decision, permitted him to consider broader background and that background showed misbehavior on the part of your client, whether that's so or not, but he found it that way. And that was enough in the district court's judgment to counter the admitted bad behavior on the part of Desly so as to render it back within the non-exceptional. And isn't that a question where we have to say that is an abuse of discretion? Now, I must say, and I hope you will come to it, because I find more powerful your contract argument, your state court argument for fees, but that's kind of leading ahead. All right, Your Honor. Yes. It is agreed, obviously, that the district court did so hold that it could take a panoramic view and it said that it looked at the... And it was applying octane fitness when it did so, right? Yes, correct. And we would say misapplying. Because what the court did say was that it looked to the broader context of the party's business relationship in 2009 to determine what may or may not be reasonable under octane. But that's not the octane standard. You can look to the totality of circumstances, but the Supreme Court limited those circumstances to two things. First, the substantive strength of the party's litigation position. And second, the unreasonable manner in which the case was litigated. Our position is that none of that would allow consideration of... Was the Supreme Court specifically limited to those, or did it mention those as possible external circumstances that could be considered? Well, I don't know if it would be proper to try to put words in the Supreme Court's mouth on whether they would say it was absolutely limited. But they certainly did limit to those two circumstances and they made it clear that the issue for the district court to review was litigation conduct. So conduct between the parties, the fact that they had a business relationship for a number of years and might have been getting along in 2009 doesn't change the fact that while that was going on, they had previously tried to steal Spartac's trademark rights and in 2013, on the basis of those stolen rights, they filed suit against Spartac, alleging trademark infringement for using Spartac's own name on its products. They also alleged breach of contract. They went to the customs to see if there could be a preclusion order issued. They asked for a preliminary injunction and a TRO. This was hardball litigation and they had absolutely no rights to do so under either black letter trademark law or the contract law. Did the district court make any clear errors in its factual recitation in which it concluded that you weren't entitled to fees under Octane? You know, the findings are subject to interpretation, but the same set of circumstances were reviewed by the district court in its summary judgment decision and they were jettisoned as irrelevant to that determination and they're equally irrelevant to the determination on whether this is an exceptional case under contract issue. I'm sorry, what was that? Yes, certainly. Well, you know, New York is a plain meaning state. Contract issues were addressed extensively during summary judgment. My main question is, the district court ruled against you in part because they said you were not the prevailing party. Isn't that clear error under New York law? Yes, and it completely runs contrary to the district court's own decision. In the same decision, Your Honor, I think at page 9, footnote 4, the district court admitted that Smartec was the prevailing party, at least through summary judgment, on the Lanham Act issue. Wasn't the argument also, though, that the agreement was terminated? There was no survival clause in the agreement that said attorneys' fees, provisions, choice of law, whatever survives termination. There was some dispute about the characterization of the actions that had been taken, and so there wasn't a sound basis in that you had not cited much law or pointed to any New York decision saying that even where an agreement has been terminated, the attorneys' fees provision will survive any such termination. And New York law asks for a very clear indication in the contract, in order to overcome the common law rule, that we don't award attorneys' fees. So what exactly is your argument? Which did the district court have looked to? The argument is that we certainly did cite in our reply brief the M.W. Realty case, which is directly on point, and the decision there in the New York state court is that an action to enforce, using the term enforce just as it was in this agreement, is an action under the agreement itself, which is entitled to the award of attorneys' fees. Did the district court rule against you because it ruled on this enforcement termination issue, or did it do that in part because of what it said about the prevailing? That is, were these and the district court's judgment two separate and independent grounds for ruling against you, or were they connected so that if we found that one was erroneous, we should send it back to them? Assuming that we don't find that the other one is erroneous, too. I do not believe that any part of the district court's decision was based on the enforcement language of the contract. It seemed to be entirely based on prevailing party and exceptional. And like the magistrate before, the court really didn't get into the meat of the contract claim. Although the magistrate awarded fees. The magistrate did award fees. That's correct, Your Honor. The magistrate also was looking at octane fitness, pre-octane. Pre-octane fitness and still found it exceptional, even though the standard is now lower. Thank you, counsel. Thank you. We'll hear from Desley. Good morning, Your Honor. Anthony LoCicero for Desley with Ms. Richard Mandaro. Before launching into my prepared remarks, let me address Judge Calabresi's question by making reference to page 14 of the attorney's fees order, which appears at docket ECF-208. Judge Vitaliano says, after commenting that Spartek had made no citation of authority in the report recommendation and that it now was coming late to the table in making any argument and that doing so would make the magistrate judge proceedings a meaningless dress rehearsal. Judge Vitaliano said, in its objection, Spartek now seeks to provide this missing case law, arguing that attorney's fees provisions are enforceable under New York law, where the intent to shift fees is, quote, unmistakably clear, close quote, from the face of the contract. Spartek still fails to establish that the language of the agreement, strictly construed, meets that standard and, and I pause for effect, that Spartek constitutes the prevailing party, despite the fact that it was awarded no damages. The language of the agreement, if it was noticed, if it was before either of the judges, does provide for attorney's fees, doesn't it? It only provides for attorney's fees, specifically for actions to enforce the agreement. And this is the opposite of an action to enforce the agreement. In November of 2012, Spartek terminated the agreement, okay? The history, of course, goes back earlier, as Judge Vitaliano pointed out, both in his attorney's fees order and in his order after trial. But the action was clearly an action for, for breach of contract, not to enforce the terms of the agreement. The opposite is true. Spartek said repeatedly that this was, that the, the contract had been terminated. It appointed a new distributor, a company called Euro Imports. I'm sorry, how is an action for breach of contract not just an action of enforcing the contract? You're enforcing the terms by pointing out the breach and claiming damages. Because, because it, well, it's, the question is, is it unmistakably clear? And what there has not been in this case is any showing that the language is unmistakably clear. And there, I mean, let's leave aside the question of waiver, which I find doubtful, because once one, some, somebody wins on one issue, I'm kind of light on what they have to show on other issues. And they had won at the magistrate judges on, on the exceptional. But this question of what is enforcement or not, why isn't it enforcing a contract when you claim you had to terminate it because of the other party's breach? Why isn't that at least under New York law pretty, pretty clear? Well, under New York law, the cases have, and these are some of the cases that were cited in the reply brief to this court. Under New York law, the kinds of actions that are, where attorneys' fees are awarded, are actions with very different language. So, for example, in the United States bank case that Spartek cites, the language was that in any legal action regarding the party's respective rights and obligations under this agreement, the prevailing party gets counsel fees. In the other cases where there are indemnification issues, courts have not awarded attorneys' fees. The standard under New York law is that the Hooper standard, and Hooper is the New York Court of Appeals case, requires more than merely an arguable inference that the parties must have meant the intention to authorize and award fees to the prevailing party in such circumstances must be virtually inescapable, citing the Goffman Partners case. May I interrupt you to ask a technical question? There is diversity between these parties? The reason I'm asking. Yes, Your Honor, I would say the answer is yes. Because if there isn't diversity, then one thing that is open to us, once the Lanham Act issue is settled, is to dismiss the state action without prejudice and let that whole question of the contract in state law be tried out in state courts. But if there is diversity... Let me consider that. No one has ever, until Your Honor just now, raised that issue. I understand, but... Well, that's a good question. I would say the answer is no, and I'll tell you why. Because, yes, there is diversity in terms of the fact that Spartec is a Belarusian company and Desley is an American company, as are the individuals. But it's not clear at all that the matter in controversy exceeds the sum or value of $75,000. Lawyers' fees don't exceed $75,000? Lawyers' fees, Your Honor, surely exceed $75,000. But remember, the judge awarded zero damages and found that there was absolutely no evidence that Spartec had been damaged by any of this. I'm afraid that... Okay, thank you. Anyway, you've told me what I needed to know. We were talking about New York law. Could you address MW Realty that your adversary refers to? First of all, MW Realty was decided in 1984, 35 years ago, and five years before the Court of Appeals articulated the unmistakably clear standard in Hooper. So it was a different standard of law at that time. It was apparently a New York Supreme Court... It was a lower court decision. And in that case, the provision said that it was an action to enforce... You get fees in any action or legal proceedings to enforce the agreement. And in fact, what happened in that case is that the party sought to enforce, literally enforce, the original agreement. There had been a modification agreement subsequently, but the party sought to enforce the original agreement. They prevailed, and they got counsel fees. The issue here, which the district court did not have the opportunity to address because no evidence was ever made as to anything about this agreement, is whether or not this action was to enforce, which in the MW Realty case, they wanted to enforce an indemnification obligation. In this case, remember, Sparteck, excuse me, destined through its former counsel, not us, commenced this action for trademark infringement, Lanham Act violations, and so on, and claimed damages for breach. Sparteck, in its counterclaims, denied the allegations of the complaint and sought damages for breach of the agreement, that the breach of the agreement being our improper registration, excuse me, Destry's improper registration back in 2009. I have one other question, if I may, and that is, is there any difference in the fees that would be awarded under the Lanham Act and the fees that would be awarded under contract if we were to decide one but not the other? It's unclear, Your Honor. The presentation of fees… Can you ask that on rebuttal for the other side, too? It's unclear, Your Honor. The Lanham Act certainly requires the imposition of reasonable attorneys' fees. Whether or not there was any showing in this case is quite questionable under the circumstances. If you've read the magistrate judge's findings and the judge's findings… That's the merits. I'm just asking the question about the size of the fees. Whether we necessarily need to… If we decided one against you, if we decided both for you, then you're fine. But if we decided one against you and were uncertain about the other, whether we would still have to decide the other because there was a difference in what the… There may be, Your Honor, because it's not clear what portion of the counsel fees would be attributable to the breach of contract versus the Lanham Act. We think that the breach of contract, if at all relevant, is the tail and not the dog. The standard, I believe, is that unless the plaintiff can show that the two claims were inextricably intertwined, that you'd have to look at them separately. So I think the short answer is yes. I would like to just speak very briefly about… I mean, the octane fitness is clear. This court in Sleepy said that octane encourages district court to consider the totality of the circumstances and makes reference to the Fogarty case, the Supreme Court's copyright case, as identifying the appropriate factors. And those factors are motivation. The judge in his decision after trial found that there was no motivation to harm Sparteck. Considerations of compensation. The judge found that there was absolutely no evidence of damage. Deterrence. The judge found there was absolutely no need for deterrence. And the judge… This is the failure, I believe, of Sparteck on this appeal, is simply rehashing the arguments and not giving deference to the district court who has had the opportunity to try the case, listen to the witnesses, view the destiny witnesses as entirely credible, as he said, and especially under the circumstances where any award here would go to what the district court identified as the oligarch-dominated board and putting counsel fees into the pockets of Lukashenko, the strongman, to use a neutral term, is a different issue. But the one thing I would like to comment on is the individual liability. That seems to me to be out of whole cloth completely. Yes, it is true that for some reason prior counsel identified the individuals who operate deathly as plaintiffs. However, they asserted no separate claims. They had no separate claims asserted against them. And when I moved at the end of trial for judgment as a matter of law, Judge Italiano said to Mr. Ward, Mr. Ward, you're saying that but for the fact that Now you're arguing facts which might have given grounds for Judge Italiano coming out the way he did, other than the facts that he found. And that's a difficult thing. No, this is only in the case, Your Honor, of individual liability. Mr. Ward admitted that, yes, but for the fact that the individual sued Sparteck there'd be no claim. I admit that, Your Honor, yes. Judge Italiano says, then let's get the claptrap out of the way and grant our directed verdict motion. Counsel, your time has long since expired. Thank you, Your Honor. Thank you, counsel. Mr. Ward. Quickly on the individual liability, it's true that we waived that at trial, but only with respect to our counterclaim alleging infringement by Destley. We had separate counterclaims that went to trial. They had nothing to do with the individual defendants. But the liability of the individual plaintiffs was well explained by Magistrate Bloom in saying that they decided to file the suit. They pursued it through summary judgment. And all we are asking for is to be recompensed for the fees that were required to be expended simply to defend against Destley's and the individual plaintiffs' baseless charges. With respect to M.W. Realty, Your Honor, I would again say that it is directly on point. It was directed to a provision that called for prevailing party to get the attorney's fees for any action to enforce. Like here, the defendant there said that the plaintiff wasn't trying to enforce. They were trying to terminate. The court rejected that argument and called it an attempt to evade contractual obligations by a hyper-technical view of the meaning of the word enforce. It then held that whenever the parties have to go to court to get a judicial resolution of controversies arising under a contract, that constitutes an action to enforce the agreement. Thank you. That's all I have. Thank you both. Thank you very much. For a very interesting case. Thank you for bringing it to us. We'll reserve decision. The next matter on our calendar is on submission, so I will ask the clerk to adjourn court.